UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIT FANUEL AUGBORNE, III,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:19-cv-01204-KJD-BNW<br><br>ORDER |

Before the court is respondents' motion to dismiss Brit Fanuel Augborne, III's pro se 28 U.S.C. § 2254 habeas corpus petition because the claims are unexhausted and/or conclusory (ECF No. 8).  Augborne did not respond to the motion. As discussed below, the motion is granted in part.

**I.     Background & Procedural History**

In November 2014, Augborne pleaded guilty to robbery with use of a deadly weapon (exhibit 23).[1] The state district court sentenced him to 4 to 12 years, with a consecutive term of 4 to 12 years for the deadly weapon enhancement. Exh. 38.

The Nevada Court of Appeals affirmed Augborne's conviction in 2016 and affirmed the denial of his state postconviction habeas corpus petition in 2019. Exhs. 74, 98.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9-11, 13.

1

Augborne dispatched his federal habeas corpus petition for filing in June 2019 (ECF No. 5). Respondents now move to dismiss certain claims in the petition as conclusory or unexhausted (ECF No. 8). Augborne has not responded to the motion to dismiss in any way.

## II.   Legal Standards & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520

(1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

Augborne asserts that the trial court coerced him into pleading guilty, in violation of his federal constitutional rights (ECF No. 5, pp. 3-5). Augborne did not present this claim to the highest state court. *See* exh. 66. Accordingly, ground 1 is unexhausted. PC appeal.

**Ground 2**

Augborne sets forth several claims of ineffective assistance of counsel (ECF No. 5, pp. 7-12). He contends that:

2(a): trial counsel was ineffective for failing to ensure the guilty plea was accurate and that Augborne understood the plea;

2(b): trial counsel was ineffective for failing to raise an objection or to correct a mistake of law or fact regarding the guilty plea agreement;

2(c): trial counsel was ineffective due to a conflict of interest;

3

2(d): "conflict" counsel was ineffective for failing to investigate the facts of Augborne's case and determining there was no basis to withdraw the guilty plea; and

2(e): trial counsel was ineffective when he failed to object to going forward with sentencing.

Respondents argue that Augborne only raised ground 2(d) in his appeal of the denial of his state postconviction petition to the Nevada Court of Appeals. This court agrees that Augborne did not present grounds 2(a), (b), (c) or (e). *See* exhs. 92, 99. Thus, those claims are unexhausted. Respondents maintain that Augborne presented federal ground 2(d) to the Nevada Court of Appeals (ECF No. 8, p. 5). However, they provide no specific citation to petitioner's appellate brief, and this court concludes that ground 2(d) is also unexhausted. 28 U.S.C. § 2254(b)(1)(A); *see* exhs. 92, 99. Accordingly, the entirety of ground 2 is unexhausted.

### b. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### Ground 3

Here, Augborne states "This raised for the purpose that I may reserve the right to raise the issue to jurisdiction once I have the necessary information and transcripts from the court." Augborne fails to present any discernible claim for relief or include any factual allegations. The court agrees with respondents that this ground is bare, vague, and conclusory and dismisses it on that basis.[2]

---

[2] Respondents also point out that this claim is unexhausted.

4

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court dismisses ground 3. The court further concludes that grounds 1 and 2 are unexhausted. Because the court finds that the petition contains only unexhausted claims, petitioner has these options:

> 1.   He may return to state court to exhaust his unexhausted petition, in which case his federal habeas petition will be denied without prejudice;[3] or
>
> 2.   He may file a motion asking this court to stay and abey his unexhausted federal habeas petition while he returns to state court to exhaust his unexhausted claims.

A district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

The Ninth Circuit Court of Appeals subsequently held that the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions and that a district court may stay a

---

[3] The court makes no assurances as to the timeliness of any future-filed petition.

5

petition that raises only unexhausted claims. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).  If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his claims in state court and presents argument regarding the question of whether or not the claims are plainly meritless.  Respondents would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose one of the options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **GRANTED** as follows:

Ground 3 is **DISMISSED**.

Grounds 1 and 2 are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (2) file a motion for a stay and abeyance, asking this court to hold his federal petition in abeyance while he returns to state court to exhaust his unexhausted grounds.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file presentence reports under seal (ECF No. 12) is **GRANTED**.

DATED April 28, 2020

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE