UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIT FANUEL AUGBORNE, III,<br><br>Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:19-cv-01204-KJD-BNW<br><br>ORDER |

Before the court are several motions in Brit Fanuel Augborne, III's pro se 28 U.S.C. § 2254 habeas corpus petition. First, Augborne has filed a motion for appointment of counsel (ECF No. 29). Respondents opposed (ECF No. 36). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See *Chaney*, 801 F.2d at 1196; see also *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Augborne mainly argues that as a prisoner he does not have access to the same range of legal resources as the attorney general and that he is untrained in the law.

However, the legal issues in this petition are not complex. Indeed, Augborne's motion for counsel itself is well-written and demonstrates that he understands the issues as well as his ability to present his arguments. Respondents also note that Augborne has filed at least five civil rights complaints that are pending in this court, further belying his contention that he is incapable of litigating his claims. Therefore, counsel is not justified, and the motion is denied.

The court also denies Augborne's motion for discussion, guidance, direction (ECF No. 31). While the court is not unsympathetic to the challenges to prisoners litigating in pro se, the court cannot offer Augborne legal advice as to whether to file a motion to stay the case. Indeed, Augborne has since filed a motion for stay.

Third, the court denies Augborne's motion for declaration to dismiss the case without prejudice (ECF No. 32). Despite the title of the motion, it was unclear what relief Augborne sought, and the court directed him to clarify. Augborne then filed the motion for stay, rendering the earlier motion moot.

Finally, good cause appearing, the court grants respondents' motion for extension of time to respond to Augborne's motion to stay (ECF No. 40).

**IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF No. 29) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner's motion for discussion, guidance, and direction (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for declaration to dismiss this case without prejudice (ECF No. 32) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to respond to petitioner's motion to stay (ECF No. 40) is **GRANTED**. Respondents must file their response on or before **August 2, 2021**.

DATED: 26 July 2021.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE